Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHERINE DOUNCE, | Case No.: |
| Plaintiff. | COMPLAINT FOR DAMAGES |
| | 1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.; |
| v. | 2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.; |
| ALLIED COLLECTION SERVICES, INC. | |
| Defendant. | JURY TRIAL DEMANDED |

## **COMPLAINT**

KATHERINE DOUNCE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED COLLECTION SERVICES, INC. ("Defendant"):

# INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA").

# JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq*.

4. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

# PARTIES

6. Plaintiff is a natural person residing in North Hollywood, CA 91601.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C.

§1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

8.  Defendant is a national debt collection company with its corporate headquarters located at 3080 South Durango Drive, Suite 208, Las Vegas, Nevada 89117.

9.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c), and contacted Plaintiff in an attempt to collect a debt.

10.  Debt collection is the principal purpose of Defendant's business.

11.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.  Beginning in or before March 2017 and continuing thereafter through August 2017, Defendant called Plaintiff repeatedly and continuously to contact a third parties the Defendant named as "Daria Tarlow" and "Harry Walters".

13.  Defendant's calls originated from phone numbers including, but not limited to the following number: (702) 939-8300. The undersigned has confirmed that this phone number belongs to the Defendant.

14.  Plaintiff is not named "Daria Tarlow" or "Harry Walters", nor can

any person by either of those names be reached at her cellular telephone number.

15. Plaintiff was aware that it was Defendant calling because she spoke to collectors who announced or stated their company name as Defendant's during their calls.

16. Upon initial communication with Defendant and on multiple occasions thereafter, Plaintiff informed Defendant that they were calling the wrong phone number and requested that Defendant stop calling her.

17. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

18. Undeterred by Plaintiff's demands to stop calling, Defendant failed to restrict their calls to Plaintiff's cellular telephone and instead continued to call Plaintiff.

19. These further calls have been invasive, irritating, disruptive and stressful for Plaintiff to endure and have caused her frustration and upset.

## COUNT I
## DEFENDANT VIOLATED § 1692d and d(5) OF THE FDCPA

20. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

22. Defendant violated both sections of the FDCPA when it called Plaintiff repeatedly seeking a third party and continued its steady barrage of calls in spite of Plaintiff's repeated indications that they were calling a wrong number and to stop calling her cell phone number.

## COUNT II
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

23. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

24. Defendant's collection practices are unfair or unconscionable as it called Plaintiff an excessive number of times beginning in or around March 2017 and continuing through August 2017, continued to call Plaintiff despite her innumerable demands to stop calling and indications that their calls were being placed to the wrong number.

# COUNT III
# DEFENDANT VIOLATED THE RFDCPA

25. A debt collector violates section 1788.17 of the California Civil Code by failing to comply with sections 1692b through 1692j of the FDCPA.

26. Defendant violated section 1788.17 of the California Civil Code when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, KATHERINE DOUNCE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

e. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KATHERINE DOUNCE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: March 14, 2018    By: /s/Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff